IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES BEAN, | : | PRISONER HABEAS CORPUS |
| Reg. No. 25735-056, | : | 28 U.S.C. § 2241 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2878-WSD-GGB |
| | : | |
| WARDEN D. DREW, | : | |
|     Respondent. | : | |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Willie James Bean, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a habeas corpus petition under 28 U.S.C. § 2241 seeking compassionate release. [Doc. 1]. His petition is currently before me for initial consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] I recommend that the petition be summarily dismissed for the reasons discussed below.

---

[1] Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

## I. <u>Background</u>

Petitioner contends that he is 70 years old, a "chronic care level II inmate," and is confined to a bed or chair "for more than 60% of [his] waking hours." According to Petitioner, because of his age and medical problems, he qualifies for compassionate release by the Bureau of Prisons ("BOP"). Petitioner asks the Court to order the warden to comply with established law and BOP policy and direct that Petitioner be released immediately.

## II. <u>Discussion</u>

A Section 2241 petition may be granted if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner does not allege that such a violation is present. Petitioner instead alleges that this application is for compassionate release due to his medical needs. "A compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009).

Furthermore, federal courts do not have the authority in a § 2241 habeas proceeding to reduce the sentence of a federal prisoner who files a request for compassionate release where the BOP has not made a motion on the prisoner's behalf. *See Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 F. App'x 77, 78-79

2

(11th Cir. 2012). Petitioner does not contend that the BOP has made a motion on his behalf. Thus, this Court does not have the authority to modify his sentence.

### III. Conclusion

Based on the foregoing, **I RECOMMEND** that the instant petition be **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003), I offer no COA recommendation in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**I ORDER** that Petitioner be **GRANTED** *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this ___11th___ day of September, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)