IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE JAMES BEAN,

          Petitioner,

v.                                                          1:13-cv-2878-WSD

WARDEN D. DREW,

          Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Order and Final Report and Recommendation ("R&R") [2], on Petitioner Willie James Bean's federal habeas corpus petition [1].

## I.   BACKGROUND[1]

Petitioner Willie James Bean ("Petitioner") is an inmate at the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"). On August 28, 2013, Petitioner, proceeding *pro se*, submitted his Petition for a writ of habeas corpus, pursuant to

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that "[b]ecause [Plaintiff-Appellant] did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings" (emphasis in original).

28 U.S.C. § 2241.  Petitioner contends that his advanced age and ill health qualify him for compassionate release, according to Bureau of Prisons ("BOP") rules.  Petitioner requests that the Court direct USP Atlanta's warden to release him immediately.

On September 11, 2013, the Magistrate Judge issued her R&R, recommending that the Petition be dismissed, because Petitioner does not allege that his custody is in violation of the Constitution or laws of the United States, and because the Court does not have the authority in a habeas proceeding to reduce the sentence of a compassionate release applicant without a motion from the BOP director.

On September 25, 2013, Petitioner filed his objections to the R&R.  Petitioner does not object to the facts or conclusions in the R&R.  Instead, Petitioner asks the Court to act on his behalf in securing his compassionate release.

**II.   DISCUSSION**

    A.   <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>,

459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal quotation marks omitted).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).  Plaintiff did not object to the findings and recommendations in the R&R, and the Court reviews them for plain error.[2]

    B.    Analysis

The Magistrate Judge determined that Petitioner did not allege that his confinement was in violation of the Constitution or laws of the United States.  The

---

[2] Liberally construing Petitioner's *pro se* objections, the Court finds that Petitioner did not assert any specific objections to the findings and recommendations in the R&R.  See Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings a recommendation to which objection is made and the specific basis for objection"); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).  Petitioner does not articulate specific objections to the Magistrate Judge's findings and recommendations.  He asks the Court to circumvent the established legal process for obtaining compassionate release.

Magistrate Judge further determined that the BOP has not made a motion for compassionate release on Petitioner's behalf, and that the Court lacks the authority to reduce Petitioner's sentence without such a motion.  The Magistrate Judge recommended that the Petition be denied, and the Court finds no plain error in this recommendation.  See 28 U.S.C. § 2241(c)(3); Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012) (noting that a "§ 2241 petition cannot provide [a petitioner] compassionate release"); id. (holding that a motion of the Director of the BOP is "a condition precedent to the district court before it can reduce a term of imprisonment").

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Order and Final Report and Recommendation [2] is **ADOPTED**, and Petitioner Willie James Bean's Petition [1] is **DENIED**.

**SO ORDERED** this 28th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE